UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| ANDRE L. FULSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-CV-78 CDP |
| | ) |
| TAMARA ANDERSON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e). Upon review, the Court finds that the Clerk should issue process on several of the defendants.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a complaint under 28 U.S.C. § 1915(e), the Court accepts the well-pled facts as true. Furthermore, the Court liberally construes the allegations.

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983, the Americans with Disabilities Act, and state law. Defendants are medical personnel and state officials at the Northeastern Correctional Center ("NECC").

When plaintiff arrived at NECC in 2013, the prison doctor assessed him and gave him a preliminary diagnosis of inflammatory myopathy based on his blood results. The doctor prescribed a physical therapy regimen, which included walking outside, weight lifting, and use of both a treadmill and an elliptical machine. He followed the regimen for two years. Other therapies were prescribed to plaintiff, including use of a CPAP machine and orthopedic shoes.

Plaintiff says several of the defendants were responsible for terminating his treatment plan, including defendants Tamara Anderson, Dr. Thomas Pryor, Dr. Suzanne Alt, Terri Chenoweth, Pasha Allen, James Hurley, Larry Preston, Debra Baker, and Linda Wiley. He says he has suffered injury as a result of the lack of treatment. He now requires the use of a wheelchair, which defendants will not provide to him.

Plaintiff also claims that defendant Larry Allen refused to give him the proper religious meals in retaliation for filing grievances against his wife, defendant Pasha Allen.

## Discussion

To state a claim for medical mistreatment, plaintiff must plead facts sufficient to indicate a deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle*, 429 U.S. at 106. In order

to show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). The Court finds that the complaint states a plausible claim of deliberate indifference with regard to defendants Tamara Anderson, Dr. Thomas Pryor, Dr. Suzanne Alt, Terri Chenoweth, Pasha Allen, James Hurley, Larry Preston, Debra Baker, Linda Wiley, and Larry Allen. As a result, it will direct the Clerk to serve these defendants with process.

Title II of the ADA applies to "public entities." 42 U.S.C. § 12132. Under 42 U.S.C. § 12131(1), "The term 'public entity' means . . . any State or local government [or] any department, agency, special purpose district, or other instrumentality of a State or States or local government." The term "does not include individuals." *Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc). A private contractor does not become a "public entity" under Title II merely by contracting with a governmental entity to provide governmental services. *Green v. City of New York*, 465 F.3d 65, 79 (2nd Cir. 2006). As a result, Title II of the ADA does not impose liability on any of the defendants in their individual capacities or any of the Corizon defendants. However, the Court finds that plaintiff's official-capacity claims against defendants Chenoweth, Larry Allen, and Hurley should proceed so that plaintiff can advance his ADA claims.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73

F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Plaintiff has failed to allege that the remaining defendants were directly involved in the restrictions on his medical treatment. Therefore, they are dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to serve process on defendants Tamara Anderson, Dr. Thomas Pryor, Dr. Suzanne Alt, Terri Chenoweth, Pasha Allen, James Hurley, Larry Preston, Debra Baker, Linda Wiley, and Larry Allen.

**IT IS FURTHER ORDERED** that defendants Jose Rivera, David Cutt, Damien Austin, Chris Doe, and Jeanie Doe are **DISMISSED** without prejudice.

An Order of Partial Dismissal will be issued separately.

Dated this 2nd day of February, 2017.

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE