# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| ANDRE L. FULSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:16-CV-78 CDP |
| | ) |
| TAMARA ANDERSON, et al., | ) |
| | ) |
| Defendants, | ) |

## MEMORANDUM AND ORDER

This matter is before me on defendant Larry Allen's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is granted in part and denied in part.

## Background

Plaintiff brought this action under 42 U.S.C. § 1983, the Americans with Disabilities Act, and state law against several prison officials and medical personnel at the Northeast Correctional Center ("NECC"). Defendant Allen is the Food Service Manager there.

Plaintiff officially designated his religion as Judaism. On July 17, 2015, plaintiff and several other inmates requested religious meals. Those requests were approved and were provided to Allen. The other inmates received their religious

meals within fourteen days of the requests. Plaintiff, however, did not receive his meals until about forty days after his request was approved.

Plaintiff had previously filed a civil action against Allen's wife and co-worker, defendant Pasha Allen. Plaintiff alleged that Allen refused to provide him religious meals along with the other inmates in retaliation for having filed the civil action.

## Standard

To state a claim under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading need not include "detailed factual allegations," but it is not sufficient to tender "naked assertion[s]" that are "devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint must do more than allege "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*.

## Discussion

To state a prima facie case for First Amendment retaliation, plaintiff must allege that he engaged in protected activity and that defendants, to retaliate for the

protected activity, took adverse action against him that would chill a person of ordinary firmness from engaging in that activity. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004), *cert. denied* 546 U.S. 860 (2005).

Allen argues that plaintiff's claim is moot because he eventually received a kosher diet. The argument is meritless. "[B]y definition claims for past damages cannot be deemed moot." *Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata Water Conservancy Dist.*, 739 F.2d 1472, 1479 (10th Cir. 1984).

Allen contends that plaintiff's allegations amount to no more than a formulaic recitation of the elements of a cause of action. I disagree. Plaintiff alleges all three factual elements of a retaliation claim. He filed a civil action against Pasha Allen. Allen took adverse action against plaintiff by refusing to provide him with religious meals for forty days. And keeping a kosher diet is a firm mandate of the Jewish faith; so refusing to provide a kosher diet could chill a person of that faith from engaging in protected activity. As a result, plaintiff has stated a plausible claim for retaliation against Allen in his individual capacity. For this reason, Allen is not entitled to qualified immunity. *E.g.*, *Norman v. Schuetzle*, 585 F.3d 1097, 1103 (8th Cir. 2009) (official not entitled to qualified immunity if the "alleged conduct violated the [plaintiff's] federal rights.").

Finally, Allen is correct that plaintiff's official-capacity claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985);

*Murphy v. Arkansas*, 127 F.3d 750, 754 (8th Cir. 1997).  Therefore, those claims are dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Allen's motion to dismiss (Doc. 24) is **GRANTED** in part and **DENIED** in part.  Plaintiff's official-capacity claims are dismissed.  In all other respects, the motion is denied.

Dated this 3rd day of August, 2017.

                                            CATHERINE D. PERRY
                                            UNITED STATES DISTRICT JUDGE