UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| ANDRE L. FULSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:16-CV-78 CDP |
| | ) | |
| TAMARA ANDERSON, et al., | ) | |
| | ) | |
| Defendants, | ) | |

## MEMORANDUM AND ORDER

This matter is before me on defendant Larry Preston's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion is granted.

## Background

Plaintiff brought this action under 42 U.S.C. § 1983, the Americans with Disabilities Act, and state law against several prison officials and medical personnel at the Northeast Correctional Center ("NECC"). Defendant Preston is a maintenance worker at NECC.

Plaintiff has a type of inflammatory myopathy.[1] His symptoms include loss of physical strength and unreliable mobility, which cause him to fall. On May 19,

---

[1] Myopathy is "[a]ny abnormal condition or disease of the muscular tissues; commonly designates a disorder involving skeletal muscle." Stedman's Medical Dictionary 585150 (2014).

2015, after he fell more than forty times, his doctor prescribed a wheelchair for him.

Corizon officials did not process the paperwork for the prescription for two months, until approximately July 19, 2017. After the paperwork for the wheelchair was processed, Correctional Officer David Cutt told plaintiff that there were no available wheelchairs. Cut further told plaintiff, "'when one becomes available, it will be provided.'" Compl. p. 17.

Plaintiff alleged that the processing of the wheelchair prescription required Preston "to prepare a broken wheelchair or order a new one." *Id.* at 16. Plaintiff did not allege, however, that Preston was aware he needed a wheelchair or refused to provide him with one.

The wheelchair prescription was cancelled on about August 21, 2015.

**Standard**

To state a claim under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading need not include "detailed factual allegations," but it is not sufficient to tender "naked

assertion[s]" that are "devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint must do more than allege "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*.

## Discussion

Preston moves to dismiss on the grounds that plaintiff's allegations fail to state a plausible claim for relief and that he is entitled to qualified immunity. In his response brief, plaintiff did not respond to any of Preston's legal or factual arguments.

Preston argues that plaintiff has failed to allege facts demonstrating that he was deliberately indifferent to plaintiff's serious medical needs because plaintiff did not allege he was personally responsible for the failure to provide him with a wheelchair.

"Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

3

Plaintiff's allegations do not show that Preston knew of his need for a wheelchair or that he refused to provide plaintiff with a wheelchair. Rather, it was the Corizon officials who failed to process the request and the lack of available wheelchairs that resulted in the deprivation. Therefore, the complaint fails to state a plausible claim against Preston under the Eighth Amendment.

Moreover, plaintiff has not alleged facts showing that Preston was deliberately indifferent to his serious medical needs. To show deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants actually knew of but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997). As stated above, plaintiff has not alleged that Preston was aware of his need for a wheelchair. So, plaintiff's Eighth Amendment claim fails for this reason as well.

Preston also argues that he is entitled to qualified immunity. "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). I agree with Preston. No reasonable person in his situation could have known that his conduct was unconstitutional. As a result, he is entitled to qualified immunity.

Finally, Preston argues that plaintiff's ADA claims against him in his individual and official capacities fail because the ADA does not apply to individuals, *see Alsbrook v. City of Maumelle*, 184 F.3d 999, 1005 n. 8 (8th Cir. 1999) (en banc), and because the state is entitled to qualified immunity. In my Order reviewing the amended complaint under 28 U.S.C. § 1915(e), I did not find that plaintiff stated a plausible ADA claim against Preston. Plaintiff did not allege any facts demonstrating Preston violated the ADA, and so, any such allegations fail to state a claim upon which relief can be granted.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Larry Preston's motion to dismiss (Doc. 22) is **GRANTED**.

An Order of Partial Dismissal will be filed forthwith.

Dated this 3rd day of August, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE