# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| ANDRE L. FULSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:16-CV-78 CDP ) |
| TAMARA ANDERSON, et al., | ) ) |
| Defendants, | ) |

## **MEMORANDUM AND ORDER**

This matter is before me on defendants James Hurley and Terrie Chenoweth's motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motions are granted.

### **Background**

Plaintiff brings this action under 42 U.S.C. § 1983, the Americans with Disabilities Act ("ADA"), and state law against several prison officials and medical personnel at the Northeast Correctional Center ("NECC"). At all times relevant to the complaint, James Hurley was the Warden of NECC and Terrie Chenoweth was a Correctional Officer.

When plaintiff arrived at NECC in 2013, the prison doctor assessed him and gave him a diagnosis of inflammatory myopathy. The doctor prescribed a physical therapy regimen, which included walking outside, weight lifting, and use of both a

treadmill and an elliptical machine. He was allowed to follow the regimen for two years.

In early 2015, Hurley said the prescription violated the Missouri Department of Corrections' ("MoDOC") policy.

When Chenoweth learned about plaintiff's exercise regimen, she ordered plaintiff to produce the medical documentation. She also spoke to the medical defendants several times about plaintiff's treatment program, suggesting that it be modified to comply with policy. Plaintiff says she "was allowed by [plaintiff's doctor and nurses] to have [his] medical treatment plan altered, modified, changed, reduced and ultimately discontinued."

Plaintiff claims defendants violated the ADA because they had a policy that all inmates should be employed. And he says the policy did not contain a provision for disability accommodations as required by the ADA.

Plaintiff alleges he was placed in administrative segregation for six months in retaliation for filing grievances against a nurse. He does not allege, however, that either of the defendants were responsible for the placement.

**Standard**

To state a claim under the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading need not include "detailed factual allegations," but it is not sufficient to tender "naked assertion[s]" that are "devoid of further factual enhancement." *Id.* (internal quotation marks omitted). A complaint must do more than allege "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Id*. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id*. at 679.

## Discussion

Defendants move to dismiss on the grounds that (1) all of the the claims are moot, (2) the deliberate indifference claims fail to state a plausible claim for relief, (3) that they are entitled to qualified immunity, and (4) the ADA claims are conclusory. In his response brief, plaintiff did not respond to defendants' arguments. Instead, he resubmitted portions of his complaint and attached some grievance records.

1. *Mootness*

Defendants argue that plaintiff's causes of action are moot because he has been moved to a different facility, and therefore, there is no longer any "live

3

controversy" to decide. They are incorrect. "[B]y definition claims for past damages cannot be deemed moot." *Taxpayers for the Animas-La Plata Referendum v. Animas-La Plata Water Conservancy Dist.*, 739 F.2d 1472, 1479 (10th Cir. 1984).

2. *Deliberate Indifference Claims*

"To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, an inmate must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999). For a claim of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 37 (8th Cir. 1995). Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct. *Olson v. Bloomberg*, 339 F.3d 730, 736 (8th Cir. 2003).

Additionally, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own

4

individual actions, has violated the Constitution."); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.").

Plaintiff alleges that Hurley announced that his treatment plan violated MoDOC's policy. But plaintiff does not say what policy was violated. Nor does he claim that the policy prohibited him from receiving treatment. In her response to plaintiff's grievance, Sarah Starks, RN, Assistant Director of Nursing, explained to him that his lay-in "did not meet scheduling allowed by the Department of Corrections. Thus, an alternate treatment plan and lay-in were put in place by the physician to accommodate both [his] medical needs and the scheduling of the Department of Corrections." Pl.'s Resp. at 16. The same information was provided to plaintiff in the response to his grievance appeal. *Id.* at 20. The Court does not accept the grievance responses as necessarily true; however, plaintiff's allegations against Hurley are so vague that he could be alleging his treatment plan was altered by a schedule change as opposed to restriction of his treatment. As a result, plaintiff's allegations against Hurley fail to rise to the level of plausibility required by *Iqbal*.

Plaintiff's allegations against Chenoweth are equally vague and conclusory. He alleges that she questioned him and the medical defendants about the validity of

5

his lay-in. And as stated above, he says she "was allowed by [plaintiff's doctor and nurses] to have [his] medical treatment plan altered, modified, changed, reduced and ultimately discontinued." However, this statement suffers from the same ambiguity as his claims against Hurley. Additionally, in the same section of the complaint, he alleges that it was the medical defendants' decisions and Corizon's policies that were responsible for the discontinuation of his treatment. Am. Cmpl. at 10. Plaintiff's allegations against Chenoweth fail to rise above the level of mere possibility, and therefore, his deliberate indifference allegations against her fail to state a claim upon which relief can be granted.

3. *Qualified Immunity*

"Qualified immunity may protect government officials from liability under 42 U.S.C. § 1983, but not if their conduct violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Nelson v. Corr. Med. Servs.*, 583 F.3d 522, 527 (8th Cir. 2009) (en banc) (quotation omitted). The tests for whether an officer is entitled to qualified immunity are: (1) whether the facts alleged, taken in the light most favorable to the injured party, show that the officer's conduct violated a constitutional right; and (2) whether the constitutional right was clearly established at the time of the deprivation so that a reasonable officer would understand his conduct was unlawful. *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

As stated above, plaintiff has not shown that defendants violated his constitutional rights. Additionally, he has failed to demonstrate that their actions, in enforcing MoDOC's unspecified policy, violated a clearly established federal right. Therefore, defendants are entitled to qualified immunity.

4. *ADA Claim*

Plaintiff alleges that defendants "created and implemented a policy geared towards total inmate employment assignment" that did not contain the accommodation requirements of the ADA. He does not allege, however, that he was required to maintain a job.

Plaintiff's allegations fall under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Plaintiff does not allege any facts showing that he was denied the benefit of a prison program because of a disability. So, his allegations under the ADA fail to state a claim upon which relief can be granted.

Finally, I decline to exercise supplemental jurisdiction over plaintiff's claims arising under state law. *See* 28 U.S.C. § 1367(c)(3).

Accordingly,

**IT IS HEREBY ORDERED** that defendants' motions to dismiss (Docs. 26, 28) are **GRANTED**.

An Order of Dismissal will be filed forthwith.

Dated this 11th day of August, 2017.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE